AO 91 (Rev. 11/11) Criminal Complaint

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED
FEB - 1 2019
DOUGLAS F. YOUNG, Clerk
By
　　Deputy Clerk

# UNITED STATES DISTRICT COURT
for the
Western District of Arkansas
Harrison Division

| | |
|---|---|
| United States of America<br>v.<br>James Willard Carr III<br>_____<br>*Defendant* | ) ) Case No. 3:19-mj-3001-001<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the Complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of September 20, 2018 in the county of Carroll, in the Western District of Arkansas, the Defendant, James Willard Carr III, violated:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 841(a)(1) and<br>21 U.S.C. § 841(b)(1)(B)(viii) | Distribution of More Than 5 Grams of Actual Methamphetamine |

This criminal complaint is based on these facts:

■ Continued on the attached sheet.

_____
*Complainant's Signature*

Lee Shannon Smith, DEA TFO
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 1, 2019

_____
*Judge's signature*

City and State: Fort Smith, Arkansas

Mark E. Ford, U.S. Magistrate Judge

# **AFFIDAVIT**

Being duly sworn, I, Lee Shannon Smith, Affiant, do hereby depose and state:

1. Your Affiant is employed as a Detective with Washington County, Arkansas, Sheriff's Department and I am currently assigned as a Task Force Officer (TFO) to the Drug Enforcement Administration (DEA), where I have served in this capacity since January 2018 and previously from 2012 to 2014. During my tenure, your Affiant has personally conducted or assisted in numerous investigations of criminal violations of the Controlled Substances Act and federal drug trafficking statutes. Many of these investigations have also focused on organizations which have distributed, manufactured, or derived income from illegal sources, specifically from the unlawful distribution of methamphetamine, marijuana, and other controlled substances. Your Affiant has participated in numerous investigations into the unlawful importation, possession with intent to distribute, and distribution of controlled substances. Your Affiant has participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover transactions, court-ordered wiretaps, analyses of phone and financial records, and arrests of numerous drug traffickers. Your Affiant has debriefed numerous defendants, confidential informants, and other witnesses having extensive knowledge of the inner workings of major narcotics trafficking organizations, including those operating internationally. Your Affiant has also spoken on numerous occasions with other experienced narcotics investigators, concerning the methods and practices of drug traffickers and money launderers. Furthermore, your Affiant has attended training courses specialized in the investigation of narcotics trafficking. Through these investigations, my training and experience, and conversations with other law enforcement personnel, your Affiant has become familiar with the methods used by drug traffickers to manufacture, smuggle, safeguard, and distribute narcotics, and to collect and launder trafficking-

derived proceeds. Your Affiant is further aware of the methods employed by major narcotics organizations to thwart any investigation of their illegal activities. Through my training and experience, your Affiant is familiar with the operation of international drug trafficking organizations. Your Affiant is familiar with the ways in which drug traffickers conduct their business – including the method and means in which they: obtain, manufacture, import, and distribute narcotics; make drug payments and launder drug proceeds; and communicate with organizational members. Your Affiant is also familiar with the ways drug traffickers attempt to remain anonymous and conceal their whereabouts. My training and experience as a law enforcement officer, and my conversations with state, federal, and law enforcement officers in other countries form the basis of the opinions and conclusions set forth below.

2. This Affidavit is in support of a Criminal Complaint against and arrest warrant charging James Willard Carr III with the Distribution of a Controlled Substance, namely, More Than 5 Grams of Actual Methamphetamine, a Schedule II controlled substance, on September 20, 2018, in the Western District of Arkansas, Harrison Division and elsewhere, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(B)(viii). As such, it does not include all of the information known to me as part of this investigation, but only information sufficient to establish probable cause for the requested arrest warrant.

Title 21 United States Code, Section 841(a)(1) provides, in pertinent part that:

(a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance;

Title 21, United States Code, Section 841(b)(1)(B)(viii) provides, in pertinent part that:

(B) In the case of a violation of subsection (a) of this section involving—

(viii) 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;

## PROBABLE CAUSE SECTION

3. Beginning in August of 2018, agents with the DEA and Arkansas State Police developed a reliable, confidential source (CS) who had previously purchased methamphetamine from James Willard CARR III (Carr). The information provided by the CS was corroborated through telephone toll analysis, physical surveillance, and both open source and law enforcement indices. Through other avenues of this investigation, Carr's residence was identified as XXXX County Road 425 Berryville, Arkansas, which is located within the Western District of Arkansas, Harrison Division.

4. On September 20, 2018, your Affiant established surveillance in the vicinity of Carr's residence as your Affiant and Arkansas State Police Special Agent Dale Bailey (SA Bailey) had made arrangements utilizing the CS to purchase one ounce of methamphetamine from Carr on that same day. Specifically, on September 20, 2018, your Affiant, SA Bailey and Eureka Springs, Arkansas, Detective Paul Sebby (Detective Sebby), previously met with the CS at a predetermined location where the CS and the CS's vehicle were searched for contraband and/or large amounts of United States currency with negative results. The CS was provided with $800.00 of DEA/High Intensity Drug Trafficking Areas program funds and an Audio/Video recording device.

5.      At approximately 6:59 p.m. on September 20, 2018, the CS departed and proceeded to Carr's residence where the CS established contact with Carr inside Carr's residence. The CS remained in Carr's residence for approximately 30 minutes.

6.      At approximately 7:32 p.m., on September 20, 2018, the CS departed Carr's residence and proceeded to a predetermined location followed by your Affiant. The CS handed over the suspected methamphetamine to law enforcement officers which subsequently field-tested positive for the presence of methamphetamine. Your Affiant and Detective Sebby again searched the CS and the CS's vehicle for contraband and/or large amounts of United States currency with negative results. The CS departed the area.

7.      The suspected methamphetamine was sent to the DEA crime laboratory and determined to be approximately 24.8 grams of actual methamphetamine.

8.      Your Affiant has reason to believe that this narcotics transaction on September 20, 2018, between the CS and Carr of 24.8 grams of actual methamphetamine is evidence of Carr's intent to distribute methamphetamine.

9.      Based upon the facts set forth in this Affidavit in support of the Complaint and your Affiant's training and experience, your Affiant has probable cause to believe that on September 20, 2018, in the Western District of Arkansas, Harrison Division and elsewhere, James Willard Carr III, Distributed a Controlled Substance, namely, More Than 5 Grams of Actual Methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 841(b)(1)(B)(viii).

## CONCLUSION

10. Based on the information contained in this Affidavit, your Affiant respectfully requests that a one-count Complaint be authorized and a warrant issued for the arrest of James Willard Carr III.

DATED this **1** day of February, 2019.

_____
Lee Shannon Smith
DEA Task Force Officer

Affidavit subscribed and sworn to before me this **1** day of February, 2019.

_____
Honorable Mark E. Ford
United States Magistrate Judge